IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2014 FEB 12 PM 2: 36

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____
          DEPUTY

EDWARD   BALUSEK   and   JENNIFER
BALUSEK,

          Plaintiffs,

-vs-                                            Case No.  A-13-CA-948-SS

ALETHES, LLC; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; MERSCORP
HOLDINGS, INC.; DONNA FITTON; and
ERIKA PUENTAS,

          Defendants.

_____

## O R D E R

   BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and

specifically Defendants Mortgage Electronic Registration Systems, Inc. (MERS) and MERSCORP

Holdings, Inc.'s Motion to Dismiss [#10], to which Plaintiffs Edward and Jennifer Balusek have not

responded. Having reviewed the documents, the governing law, and the file as a whole, the Court

now enters the following opinion and orders.

### Background

   In 2007, the Baluseks purchased the real property located at 201 Caliber Cove, Bastrop,

Texas 78802. The purchase was financed by a Note and secured by a Deed of Trust in favor of the

original lender, Alethes LLC. The Deed of Trust also named MERS as beneficiary and nominee for

the lender and its successors and assigns. The Bastrop County real property records contain two

assignments of the Deed of Trust: first, from MERS to former party GMAC Mortgage LLC on

October 27, 2009; and second, from GMAC to non-party Ocwen Loan Servicing, LLC on March 18,

2013. The Baluseks eventually defaulted on their mortgage, and an unidentified party scheduled a foreclosure sale for August 6, 2013.

The Baluseks filed this lawsuit in Texas state court the day before the foreclosure sale was scheduled to occur. MERS and MERSCORP removed the case to this Court on the basis of diversity jurisdiction on October 25, 2013. Following removal, the MERS entities moved to dismiss. The Baluseks responded with their First Amended Complaint, which is substantially similar to their original state court petition. The Baluseks' live pleading alleges the following causes of action: (1) "void foreclosure," (2) violations of the Texas Debt Collection Act (TDCA), (3) quiet title, and (4) violations of Texas's fraudulent presentment statute. The MERS entities have now moved to dismiss a second time.

### Analysis

**I.     Motion to Dismiss—Rule 12(b)(6)—Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining

plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.   Application

As an initial matter, the Court GRANTS the motion to dismiss as unopposed because the Baluseks have failed to file a timely response. *See* Local Rule CV-7(e)(2). In the alternative, the Court will briefly address the merits of the motion.

The Baluseks' entire suit is premised on the notion the foreclosing party—who remains unspecified in the First Amended Complaint—lacks authority to foreclose because all assignments of the Deed of Trust in this case are void. The arguments underlying this premise have been consistently and repeatedly rejected by the Fifth Circuit and Texas courts. *E.g.*, *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253–55 (5th Cir. 2013) (rejecting "show-me-the-note" and "split-the-note" theories and recognizing MERS's ability to assign deeds of trust); *Reinagel v.*

*Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013) (following *Martins*, and further holding "facially valid assignments cannot be challenged for want of authority except by the defrauded assignor"); *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) ("Our holding in *Martins* permits MERS and its assigns to bring foreclosure actions under the Texas Property Code."); *Bierwirth v. BAC Home Loans Servicing, LP*, No. 03-11-644-CV, 2012 WL 3793190, at *3–5 (Tex. App.—Austin Aug. 30, 2012, no pet.) (rejecting "show-me-the-note" and "split-the-note" theories and holding MERS, as beneficiary and nominee named in deed of trust, had authority to assign deed of trust). The Baluseks' pleadings flounder against these authorities, but offer no hope for stating viable claims.

Turning specifically to the Baluseks' causes of action, the Court first notes the oddity immediately apparent upon consideration of the "void foreclosure" claim. The Baluseks' pleadings never identify the party attempting to foreclose. The real property records, however, reveal the Notice of Substitute Trustee Sale identified Ocwen as both mortgagee and mortgage servicer. Although Ocwen scheduled the foreclosure sale, Ocwen is not a party to this lawsuit. Because there is no allegation any Defendant named in this suit is attempting to foreclose, the Baluseks have failed to state a plausible claim for "void foreclosure" against any Defendant. Alternatively, the Baluseks' claim fails because (1) MERS had authority to assign the Deed of Trust as beneficiary and nominee for Alethes, and (2) the Baluseks may not challenge either assignment, as any ground raised by their allegations would render the assignments merely voidable, not void.

The Baluseks' TDCA claims fare no better, as the Baluseks have failed to plead any actionable conduct. The TDCA does not prohibit a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court

proceedings." TEX. FIN. CODE § 392.301(b)(3). The Baluseks' allegations reveal nothing more than an attempt by the current mortgagee, Ocwen, to enforce its contractual and legal remedy of nonjudicial foreclosure in the face of a default. Additionally, the only allegations of wrongful activity relate to making the assignments and filing various pre-foreclosure documents, none of which are wrongful because Texas law and the Deed of Trust authorized the assignments and subsequent notices.

Third, the Baluseks cannot state a viable claim for quiet title based on the allegation "the chain of title to the Property is clouded due to the lack of a proper assignment of the Note." Am. Compl. [#9] ¶ 49. Because Texas law does not require a foreclosing party to hold the note, the failure to assign the note neither evidences a defect in the chain of title nor shows the defaulting homeowner has superior title to the successor-in-interest of the Deed of Trust creating a lien on the property. *See U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (quiet title claim requires showing defendant's claim to title "is invalid or unenforceable").

Finally, the Baluseks have failed to plead a viable cause of action for violations of Texas's fraudulent presentment statute. The statute makes a person liable for knowingly making, using, or presenting fraudulent liens or claims against real property with intent to harm another person. TEX. CIV. PRAC. & REM. CODE § 12.002. Even assuming assignments or other pre-foreclosure documents fall within the scope of the statute, the Baluseks have not pleaded any facts from which the Court can infer any fraudulent documents were knowingly created, used, or filed in this case.

### Conclusion

The Baluseks have failed to state any claim for which relief can be granted, and have failed to show themselves entitled to any relief in law or equity. While only the MERS entities have moved to dismiss, no other defendant has been served, and all of the Baluseks' claims suffer from the same legal infirmities regardless of the particular Defendant. Additionally, because the Baluseks are apparently uninterested in prosecuting this case in federal court, no leave to amend will be granted.

Accordingly,

IT IS ORDERED that Defendants Mortgage Electronic Registration Systems, Inc. (MERS) and MERSCORP Holdings, Inc.'s Motion to Dismiss [#10] is GRANTED;

IT IS FINALLY ORDERED that all claims brought by Plaintiffs Edward and Jennifer Balusek in the above-styled cause are DISMISSED WITHOUT PREJUDICE.

SIGNED this the _12_ day of February 2014.


SAM SPARKS
UNITED STATES DISTRICT JUDGE